## 1000 FRIENDS OF OREGON,
*Respondent - Cross-Petitioner,*

*v.*

## WASHINGTON COUNTY,
*Petitioner - Cross-Respondent.*

## (LUBA 85-100; CA A39704)

720 P2d 1316

Dan R. Olsen, Assistant County Counsel, Hillsboro, argued the cause and filed the brief for petitioner - cross-respondent.

Robert E. Stacey, Jr., Portland, argued the cause and filed the brief for respondent - cross-petitioner.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Washington County petitions and 1000 Friends of Oregon cross-petitions for review of LUBA's order remanding a small-tract comprehensive plan and map amendment. The amendment was adopted by the county governing body. It redesignated a 26-acre parcel from an agricultural to a rural residential classification and was supported by a goal exception. LUBA remanded, because (1) the county's findings did "not demonstrate [compliance] with [the] criteria for an exception based on irrevocable commitment" under ORS 197.732 and Goal 2; (2) three of the county's findings were not supported by substantial evidence; and (3) the county's procedures, allowing for final adoption of a plan amendment by the planning commission rather than the governing body unless a private party pursues an appeal to the latter, violate ORS 215.050 and 215.060.

■ All of the county's assignments pertain to the third basis for LUBA's remand. Since LUBA issued its order in the present case, we held in *Colwell v. Washington Co.,* 79 Or App 82, 718 P2d 747 (1986), that ORS 215.050 requires that the county's governing body rather than the planning commission must take final action in connection with the adoption of comprehensive plan amendments. The county argues that we were wrong in *Colwell* and that LUBA was wrong here. We disagree.

■ The county contends next that ORS 215.050 and 215.060, as we interpreted them in *Colwell,* invade the county's home rule authority and therefore violate Article VI, section 10, of the Oregon Constitution.[1] Policies and procedures relating to comprehensive plans are manifestly matters of statewide substantive concern, and the county's constitutional argument is manifest nonsense.

The county argues finally that, because governing

---

[1] The county also appears to argue that the statutes do not evince a legislative intent to preclude counties from conferring final adoption authority on planning commissions. We held otherwise in *Colwell.*

LUBA expressed doubts in its opinion about whether its authority to decide constitutional questions under ORS 197.835(8)(a)(E) includes the power "to declare a state legislative act unconstitutional," when the act is applied to a land use decision by a local government. It is unnecessary for us to put those doubts to rest at this time.

body action *did* take place in this case, the fact that the county's procedures would ostensibly *allow* adoption of a plan amendment at an inferior level does not justify LUBA's remand. According to the county, no substantial right of 1000 Friends was prejudiced, *see* ORS 197.835(8)(a)(B), although 1000 Friends did pay certain fees to prosecute the appeal from the planning commission to the governing body which, given that governing body action is mandatory, it contends it should not have been required to pay. As we understand LUBA's order, all three of the grounds enumerated earlier are entailed in the remand. The county's argument pertains to only one of the grounds. Therefore, even assuming the correctness of the argument, a remand for further proceedings before the governing body would still be necessary.

1000 Friends' assignment under its cross-petition is that LUBA erred by ruling that there was substantial evidence to support the county's finding that "[i]t is not practicable to safely move farm machinery on the major arterial, Evergreen Street," near the parcel in question. However, LUBA also noted that "access to the parcel for farm equipment is not over Evergreen Road, but over a private way" and that "[f]indings that some operators would not risk taking equipment over Evergreen Road do not demonstrate the impracticability of farm use in these circumstances." We conclude that the challenged finding was irrelevant to LUBA's disposition of the appeal.[2] *See Mason v. Mountain River Estates,* 73 Or App 334, 341, 698 P2d 529, *rev den* 299 Or 314 (1985).

Affirmed on petition and on cross-petition.

---

[2] In its brief, 1000 Friends states that the decision of the question "was unnecessary to the resolution of the appeal." Its counsel was more ambivalent at the oral argument. We agree with his brief.